IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN GILROY, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BAKERSFIELD, JESS BEAGLEY, SHANE SHAFF, GILBERT RODRIGUEZ, and DOES 1 -100 inclusive, <br><br> Defendants. | Case No.: 1:11-cv-01231 LJO JLT <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO AMEND <br><br> (Doc. 11) <br><br> FINDINGS AND RECOMMENDATION TO REMAND THE MATTER TO THE KERN COUNTY SUPERIOR COURT AND TO DISMISS THE MATTER <br><br> (Doc. 12) |

Nathan Gilroy ("Plaintiff") seeks to amend his complaint and remand the action to Kern County Superior Court. (Docs. 11-12). Defendants City of Bakersfield, Jess Beagley, Shane Shaff, and Gilbert Rodriguez (collectively, Defendants") filed a notice of non-opposition to the pleading amendment, and opposed the motion to remand the action. (Docs. 14-15).

The Court has read and considered the arguments of counsel presented at hearing on September 19, 2011. For the following reasons, Plaintiff's motion to amend the complaint is **GRANTED**. In addition, the Court recommends Plaintiff's motion to remand be **GRANTED**.

## I. Procedural History

Plaintiff initiated this action against Defendants by filing a complaint in the Kern County Superior Court on May 24, 2011. (Doc. 2, Exh. A). Plaintiff asserted the following cause of action: (1) violation of California Civil Code § 51.2; (2) assault; (3) battery; (4) negligence and negligent

hiring, retention, and supervision; (5) intentional infliction of emotional distress and (6) violation of 42 U.S.C. § 1983. *Id.* at 3. Defendants filed a notice of removal on July 25, 2011 (Doc. 2), thereby commencing the action in this Court. Defendants filed an answer to Plaintiff's complaint on August 11, 2011. (Doc. 10).

## II.  Motion to Amend the Complaint

Plaintiff seeks to file a first amended complaint to omit the sixth cause of action for a violation of 42 U.S.C. § 1983. (Doc. 11). Defendants filed a notice of non-opposition to Plaintiff's motion on September 9, 2011. (Doc. 15).

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of the responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendants filed their answer to the complaint on August 11, 2011, and Plaintiff sought to amend his pleading within twenty-one days of service of the responsive pleading on August 15, 2011. Further, Defendants to not oppose the filing of the amended complaint. At the hearing, Plaintiff requested to amend the First Amended Complaint by interlineation to delete the reference to the Federal Constitution found at page 22, line 16. Therefore, Plaintiff's motion to amend with the interlineation is **GRANTED**.[1]

## III.  Motion to Remand

Plaintiff seeks to remand the action to the state court. (Doc. 12). Plaintiff asserts the causes of action in the First Amended Complaint arise only under state law, including: violation of Cal. Civ. Code. § 52.1; common law assault and battery; negligence; negligent hiring, retention and supervision; and intentional infliction of emotional distress. *Id.* at 4. Plaintiff concludes the Court lacks subject matter jurisdiction and should remand the action to the state court. *Id.*

Defendants oppose the motion to remand, and argue that because a federal claim existed at the time of removal, the amendment deleting the federal claim does not divest the Court of its jurisdiction, even if only state law claims remain. (Doc. 14 at 2). Defendants assert Plaintiff is

---

[1] For purposes of the motion for remand, the Court considers the First Amended Complaint.

attempting to manipulate the forum because the amendment to the complaint was made "in an effort to remove this action back to the Kern County Superior Court." *Id.* at 3.  Further, Defendants note that "although the plaintiff purports to have removed his federal cause of action in his amended complaint, he continues to include a reference to a violation of '. . . Federal Constitutional Rights to Privacy.'" *Id.* (citing Doc. 11, Ex at 7).

The Court notes that the First Amended Complaint reads at paragraph 22,

> . . . Plaintiff is informed and believes . . . that Defendants . . . interfered by force, threats, intimidation and coercion with Plaintiff's rights including but not limited to California and Federal Constitutional Rights to Privacy, California Civil Code section 43 and the right of freedom from unlawful arrest.

Plaintiff asserts that these actions, and others alleged, constitute a violation of California Civil Code § 52.1.  Notably, this statute reads,

> (a) If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights **secured by the Constitution or laws of the United States**, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured. . .
>
> (b) Any individual whose exercise or enjoyment of rights secured by the **Constitution or laws of the United States**, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

(Emphasis added.)  Clearly, then, a federal law or the United States Constitution may form the basis for a violation under 52.1.

It is significant, however, that Plaintiff does not seek any form of relief for a violation of federal law or Constitution but, instead, confines himself to alleged violations of state law.  Thus, the fact that the 52.1 violation is based both on state and federal law, does not necessarily confer federal court jurisdiction.  *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040-1041 (9th Cir. 2003); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

In *Rains*, the plaintiff raised a claim for wrongful termination in violation of public policy. *Rains*, at 341-342. The defendant removed the matter to federal court based upon the complaint's reference to Title VII. The Court held that, though the complaint referred to Title VII, "the actual causes of actions stated in the complaint all sound in state law." *Id*. at 343. The Court held, "The direct and indirect references to Title VII in those two state law causes of action do not make those claims into federal causes of action. Rather, the complaint merely incorporates Title VII as one of several similar sources of public policy supporting defendant's state law claims." *Id*. at 343. The Court continued,

> Rains did not, however, bring a complaint that was artfully pleaded to avoid federal jurisdiction. Rather, he brought a state law claim and cited a federal statute as an alternate basis for establishing one element of his claim. The claim was authorized by state law and no essential federal law was omitted. The artful pleading doctrine does not permit defendants to achieve what they are trying to accomplish here: to rewrite a plaintiff's properly pleaded claim in order to remove it to federal court.

*Id*. at 344.

The Court rejected also that there was a disputed question of federal law that was a necessary element of the state law tort. *Rains*, at 344. The Court held, "The invocation of Title VII as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose." *Id*. The Court held that Title VII was not a necessary element because the state law prohibition against employment discrimination outlined the same public policy as Title VII. *Id*. at 345. Thus, the Court concluded that, "When a claim can be supported by alternative and independent theories–one of which is a state law theory and one of which is a federal law theory–federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains*, 80 F.3d at 346; see also *Lippitt*, 340 F.3d at 1043. Therefore, for the reasons set forth in *Rains*, the Court does not find that the reference to the right of privacy provided under the United States Constitution, raises a federal question. However, Plaintiff's oral motion to amend the complaint by interlineation to delete the reference to the Federal Constitution removes all doubt on the matter.

1    Even still, Defendants request that the Court retain jurisdiction over the matter. Defendants
2 correct note that the propriety of removal jurisdiction is determined at the time of removal. *Pullman*
3 *Co. v. Jenkins*, 305 U.S. 534, 537 (1939). If a claim "arising under" federal law existed at the time
4 of removal, the federal court has jurisdiction though the federal claim has been dropped from the
5 case and only state law claims remain. *Carnegie-Melon Univ. v. Cohill*, 484 U.S. 343 (1988);
6 *Nishomoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 715 (9th Cir. 1990). Here, because the
7 initial complaint, which was in effect at the time of removal, contained a federal claim, the Court has
8 jurisdiction. Therefore, Plaintiff "may not compel remand by amending [the] complaint to eliminate
9 the federal question upon which removal was based." *Sparta Surgical Corp. v. Nat'l Assoc. of Sec.*
10 *Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1988).

11   However, if all federal claims are eliminated from an action, federal courts have discretion to
12 remand the remaining state law claims. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir.
13 1991) ("It is generally within a district court's discretion to retain jurisdiction to adjudicate the
14 pendent state claims or remand them to state court."). In choosing whether to retain jurisdiction, the
15 court should consider "the values of judicial economy, convenience, fairness, and comity."
16 *Carnegie-Melon*, 484 U.S. at 350. Based upon these factors, "it is generally preferable for a district
17 court to remand remaining pendent claims to state court." *Harrell*, 934 F.2d at 205; *see also*
18 *Carnegie-Melon* 484 U.S. at 350 n.7 ("these factors usually will favor a decision to relinquish
19 jurisdiction when state issues substantially predominate") (internal quotation marks and citation
20 omitted).

21    In this case, the above factors weigh in favor of remand. Given the ongoing crisis in this
22 Court created by the crushing case load and lack of judicial resources, the Court finds that judicial
23 economy weighs in favor of remand. "With regard to comity, the path that best preserves the rights
24 of the state to preside over the court matters is to remand the case." *Loder v. World Sav. Bank, N.A.*,
25 2011 U.S. Dist. LEXIS 98770, at *11 (N.D. Cal. Sept. 1, 2011). On the other hand, there is no
26 evidence, that this Court is a more convenient forum than the state court. Notably, the Ninth Circuit
27 has acknowledged that remand is proper when, as here, the plaintiff amends the complaint to remove
28

federal claims and moves for remand without delay. *See Baddie v. Berkeley Farms, Inc.*, 65 F.3d 487, 490-91 (9th Cir. 1995).

### IV.  Order

Plaintiff has received the consent of Defendant to file an amended pleading in this action. Therefore, IT IS HEREBY ORDERED:  Plaintiff's motion to amend the complaint is **GRANTED**.

### V.  Findings and Recommendations

Based upon the foregoing, the Court finds the factors set forth in *Carnegie-Melon* weigh in favor of remand, and the Court should not exercise jurisdiction over the remaining state law claims. Accordingly, the Court hereby RECOMMENDS that:

1. The motion to remand be **GRANTED**;
2. The matter be **REMANDED** to the Kern County Superior Court; and
3. Because the order remanding this matter to state court concludes this case, the Clerk of the Court be directed to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, any may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 19, 2011**                              /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE